IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MALIK LEIGH, ESQ.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT AVOSSA, CHERYL MCKEEVER, CAMILLE COLEMAN, DIANNE WEINBAUM, ELVIS EPPS, DAVID CHRISTIANSEN, DARRON DAVIS, JOSEPH LEE (in their individual and official capacities), PALM BEACH COUNTY SCHOOL DISTRICT (BOARD)<br><br>Defendants. | ) | Civil No. 9:16-cv-81612-XXXX<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Malik Leigh, Esq., for his complaint against Defendants Robert Avossa, the Palm Beach County School District (Board) and various named employees and agents of both, states as follows:

## INTRODUCTION

1. This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, the First, Fifth, and Fourteenth Amendments to the United States Constitution, and Title VII of the Civil Rights Act of 1964, against Robert Avossa, Superintendent of Schools in Palm Beach County, Florida, Cheryl McKeever, Camille Coleman, Darron Davis, Elvis Epps, Dianne Weinbaum, and Joseph Lee in their individual and official capacities and against the Palm Beach County School District (represented by the School Board).
2. Plaintiff Malik Leigh, a Black Male, Attorney and Law Teacher alleges that Defendants Avossa, McKeever, Coleman, Davis, Epps, Weinbaum, Lee, and the Palm Beach County

School District (Board) conspired and retaliated against him after he accompanied his law students to a school board meeting where he and five (5) Minority students exercised their first amendment right to free speech, expression, and protest by detailing the conditions the students were forced to learn Advanced Geometry and ask them for certified and qualified teachers to teach them the subject that they were in the classes to learn. Plaintiff was subsequently harassed, threatened, ultimately suspended, denied his constitutional rights to due process and property, and then terminated without just cause after preparing and serving a written “Whistle-Blower’ letter to Defendants Avossa and the Board detailing misconduct, physical abuse of special needs students, theft, retaliation against students and teachers, education misconduct, and harassment by school personnel after attending the school board meeting. Plaintiff alleges that these constitutional violations were committed as a result of the policies and customs of the Palm Beach County School District (Board), and that the Palm Beach County School District, a County Agency, is liable under the theory of respondeat superior for the torts committed by Defendant Robert Avossa and various other individuals represented by and acting on behalf of the District.

## JURISDICTION AND VENUE

3. This Court has Jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 703(a), 704(a), 706(f)(1), 706(f)(3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), 2000e-5(f)(1), 2000e-5(f)(3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.
4. This Court has Jurisdiction over the Plaintiff’s cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983, §1988, §1985, §1986, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental

jurisdiction over plaintiff's causes of action arising under the Florida state law pursuant to 28 U.S.C. § 1367.

5. Venue lies in the United States District Court for the Southern District of Florida because a substantial part of the events or omissions giving rise to Plaintiff's claims for relief occurred in Palm Beach County, Florida located within jurisdiction of the Southern District for the State of Florida pursuant to 28 U.S.C. § 1391(b)(2).

**CONDITIONS PRECEDENT FULFILLED**

6. The Plaintiff filed a complaint with the Equal Employment and Opportunity Commission (EEOC) charge number 510-2016-03633 alleging Race Discrimination and Retaliation pursuant to Title VII of the Civil Rights Act of 1964, more than thirty days before the filing of this Complaint and received his 'Right to Sue' letter on June 23, 2016; allowing the filing of this complaint within ninety (90) days.
7. The original EEOC charge filing and right to sue letters from the EEOC were delivered upon the Defendants prior to the filing of this Complaint.
8. Plaintiff delivered upon the Defendants Avossa and School Board a written "Whistle-Blower" letter, by United States Postal Service - Certified Mail, on or about April 12, 2016.

**PARTIES**

9. Plaintiff Malik Leigh is an adult citizen and resident of West Palm Beach, Palm Beach County, Florida. He is a practicing attorney and high school law teacher at Palm Beach Lakes Community High School in West Palm Beach, Florida.
10. Defendant Robert Avossa is the Superintendent of Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred. He is still employed as the Superintendent of Schools. He is sued in his individual and official capacities.
11. Defendant Cheryl McKeever is the former Head Principal of Palm Beach Lakes Community High School in Palm Beach County, Florida, when the relevant events occurred. She is still

employed with the Palm Beach County School District, but was removed from her position as Head Principal of Palm Beach Lakes. She is sued in her individual and official capacities.

12. Defendant Camille Coleman is the Area 4 Superintendent of Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred. Formally known as "Dr." Camille Coleman, she is still employed as the Area 4 Superintendent of Schools. She is sued in her individual and official capacities.

13. Defendant David Christiansen is the Deputy Superintendent of Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred. He is still employed as the Deputy Superintendent of Schools. He is sued in his individual and official capacities.

14. Defendant Darron Davis is an Area 4 Human Resources Manager under Camille Coleman direction in the Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred. He is still employed as the Area 4 Human Resources Manager. He is sued in his individual and official capacities.

15. Defendant Joseph Lee is the North Regional Instructional Superintendent, Secondary Schools, in Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred. He is still employed as the North Regional Instructional Superintendent, Secondary Schools. He is sued in his individual and official capacities.

16. Defendant Elvis Epps is a Human Resources Manager with Professional Standards in Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred. He is still employed as the Human Resources Manager with Professional Standards. He is sued in his individual and official capacities.

17. Defendant Dianne Weinbaum is the Director of Professional Standards in Palm Beach County School District in Palm Beach County, Florida when the relevant events occurred.

She is still employed as the Director of Professional Standards with Professional Standards. She is sued in her individual and official capacities.

18. Defendant Palm Beach County School District (Board) is a County Agency and the public employer of all other named Defendants. The Board, (its members and agents acting on behalf of the board) are that which gave rise to this claim for relief. Their actions, offices, policies, intents, and culture promoted the unlawful conduct alleged in this complaint. They are sued in their official capacities.

**BACKGROUND**

19. Between August 2015 and May 24, 2016, Plaintiff Malik Leigh, a Black Male attorney, was employed as a Law Teacher at Palm Beach Lakes Community High School, in West Palm Beach, Florida.

20. Palm Beach Lakes Community High School is a predominantly (98%) minority student populated high school within the Palm Beach County School District.

21. Over eighty-five (85%) of students are on free or reduced lunch and the school is a Title 1 - Level 1 School, whereas the Palm Beach County School District receives additional funds from the State of Florida and the Federal Government to assist the educational needs of the students.

22. On or about March 16, 2016 at approximately 7:00 p.m., Plaintiff and five (5) of his minority students (1 Latina, 1 Black and Latino, 1 Black, 1, Haitian, 1 White and Guyanese) attended and addressed the Palm Beach County School Board at their monthly District Board Meeting about the lack of instruction given to them in their Geometry classes.

23. The Students and the Plaintiff disclosed that they were not being given a certified teacher in any of the five (5) sections (approximately 100 students), including two (2) advanced courses that offers college credit for successful completion, but instead a continuous stream of substitutes who did not know the subject, did not attempt to hide the fact that they did not

know the subject, made them watch random Youtube videos on various math topics, that gave them work unrelated to the subject so to record a grade in the class under the instruction of the Head Principal, exchanged points for sweets, and offered additional benefits to football players simply so they can remain eligible to play.

24. These disclosures by the Plaintiff, which satisfy the *Pickering Test* (analysis), were made in a public forum and subsequently broadcasted on television and in print media to great embarrassment of the Defendant Cheryl McKeever, Head Principal of Palm Beach Lakes (who was not in attendance), Camille Coleman - Area 4 Superintendent over Palm Beach Lakes, Defendant Superintendent of Schools - Robert Avossa, Defendant Deputy Superintendent of Schools - David Christiansen, Defendant Joseph Lee, Defendant Dianne Weinbaum, and all members of the Defendant School Board (members), who were all in attendance.

25. The Students who attended and spoke at the School Board meeting were all students of the Plaintiff's law class where they learned of their right to receive an equal education during a lesson on the Tort element of "duty" and "breach."

26. After addressing the School Board, Defendant Camille Coleman angrily and aggressively met with the Plaintiff and the five (5) students outside of the Boardroom, and began to berate them for their concerns, whereupon the Plaintiff came between the students with their parents, and Camille Coleman.

27. On or about March 17, 2016, the Defendant District (Board) sent Defendant Darron Davis to Palm Beach Lakes to harass only the students who attended the board meeting the night before, under the guise of "investigating" the students' claims.

28. The "investigation" was unrelated to the students' concerns, but only to get written statements about the Plaintiff and whether he "put them up to it."

29. No parents were called and asked for their permission to question any children in private closed rooms and Defendant Darron Davis told the students that legally in Palm Beach County, that he "could interrogate students without their parents knowledge and permission."

30. On or about March 17, 2016, Defendants Cheryl McKeever and Area 4 Human Resources manager, Darron Davis took the Plaintiff into an enclosed room and accused him of "disloyalty" and "acting against the principal" for going to the "District Supreme Court," and "embarrassing" her.

31. Later on or about March 17, 2016, Defendant Cheryl McKeever, flanked by her assistant principals, summoned all of the children from all five Geometry sections into a closed auditorium, to berate and bully the approximately sixty (60) students in attendance and blame them for not having a teacher; telling them that they: "Ran them (the certified teachers) off."

32. On or about March 18, 2016, upon hearing what the Defendant Head Principal, Cheryl McKeever had done and said to the students, the Plaintiff sent an email to Defendant, Robert Avossa detailing what was going on at the School and that the Plaintiff would not allow the students to be attacked for voicing their concerns at the school board meeting. Defendant Robert Avossa acknowledged receipt of the email.

33. On or about March 18, 2016, the Palm Beach Post newspaper, through a Florida Sunshine Law Request, reported two emails to Defendant Robert Avossa; one by the Plaintiff and the other by Phillip Stillman, the Junior and Senior Law Teacher at Palm Beach Lakes Community High School.

34. On or about April 4, 2016, the Plaintiff was accused of misconduct and accused of using his position as a teacher for financial gain by Defendant Joseph Lee, whom the Plaintiff was negotiating a proposed joint partnership with the Defendant District for a Law Camp and had even received verbal assent by Defendant Joseph Lee on March 16, 2016, the day of the

school board meeting, to begin advertising for the proposed law camp while he sought final District final approval,.

35. On or about March 7, 2016, during an evening meeting at the school district, Defendant Avossa remarked to the Plaintiff and other Black teachers during a break-out session that he felt that "there seems to be a lot of Black self hate," in reference to Black people in Palm Beach County.

36. On or about April 8, 2016, the Plaintiff received a letter from the Defendant Dianne Weinbaum, speaking on behalf of the Office of Professional Standards and the Defendant District (Board) formally accusing him of misconduct and instructed him to not discuss the issues surrounding why the students went to the school district as any part of any lessons in his law class; categorizing them as "witnesses" the purpose of which to cool any discussions or shape legal topics adverse to the school district.

37. On or about April 12, 2016, the Plaintiff sent a Certified letter requesting protection from retaliation by Defendants McKeever, Davis, Coleman, Epps, and Weinbaum who were under the control of the District. The Plaintiff also made the Defendants aware of his legal protections under Florida Law.

38. The Plaintiff's letter also included disclosures regarding teachers taking or making money from students and not depositing it; teachers and assistant principals, including Defendant Mckeever, of bullying students and teachers; administration personnel forcing teachers to change grades so to receive a better school rank and more federal monies; special needs children being physically assaulted by para-professionals with the Defendant McKeever's knowledge; and personal harassment from Defendants McKeever, Davis, Epps, Coleman, and Weinbaum against the students that attended the March 16, 2016 school board meeting.

39. The Plaintiff's letter asked the Defendants to look into the disclosures for the protection of teachers and students and was very specific with names and specific instances, was made in good faith, not made in malice, was not an ordinary part of the Plaintiff's job description, and occurred prior to any adverse action by any Defendant.

40. The Defendant Avossa responded to the letter by email; the Defendant Board responded by having the District Office of Inspector General call the Plaintiff to ask for a meeting to determine whether or not the Plaintiff was "suitable" for 'Whistle-Blower' protection.

41. After the 'Whistle-Blower' letter was received by the Defendants Avossa and the District, in retaliation, Defendant Cheryl McKeever made the Plaintiff manually add grades into the grading system as an extra duty after he had already submitted them correctly and had been signed off by his supervisor; the Defendant McKeever punished all of the law students in that class with "incompletes" so their parents would question the Plaintiff's abilities and to affect their Grade Point Averages.

42. On or about May 1, 2016, the Defendants posted the Plaintiff's teaching position as Law Teacher at Palm Beach Lakes as "vacant" violating their mutual employment contract depriving him of his right to his property interest in the position he occupied, constructively terminating him without due process.

43. On or about May 3, 2016, the Defendants sent another letter to the Plaintiff accusing him of using his position to gain clients from Palm Beach Lakes High School, accused him of breaking Florida Law, and teaching ethics rules, and various innuendos regarding his character and abilities to perform his position.

44. On or about May 3, 2016, Malik Leigh responded to the Defendant's letter with a Notice of Claim pursuant to Florida Statutes.

45. On or about May 12, 2016, the Defendant's served the Plaintiff with a non-renewal letter on the last day of free access application for other district teaching positions to prevent him

from being able to apply at any other school without Defendant McKeever and Coleman's express written approval.

46. On or about May 13, 2016, the Plaintiff filed for an injunction on behalf of himself and approximately thirty (30) other teachers being retaliation-terminated by Defendant's McKeever and Coleman.

47. On or about May 16, 2016, at approximately 3:00p.m., the Plaintiff served Defendant McKeever and various other assistant principals and teachers at Palm Beach Lakes High School with subpoena's for the injunction hearing set for May 19, 2016.

48. On or about May 17, 2016, after a phone call the night before from the Defendant Weinbaum, the Plaintiff was ordered to come to the Palm Beach County School District offices where he summoned into a closed office with Defendants Elvis Epps and Diane Weinbaum and denied his due process by suspending him without a hearing despite requesting one, and made to sign an affidavit promising a hearing pursuant to the teacher's contract and Florida Law.

49. The claim for the Plaintiff's suspension was because of the final exam he submitted for review that the principal claimed was improper and "wholly inappropriate, irrelevant, and against the district curriculum" despite most of the questions being prior approved and reused exam questions from the previous three terms, was not given-to or seen by any student, was over a week before it was to be administered and therefore easily edited, and was only singled out to retaliate when the other white male law teacher's exams were never scrutinized or questioned.

50. On or about May 19, 2016, the Defendant Robert Avossa went on television to make disparaging comments about the Plaintiff, his abilities to teach, and made false claims about the Plaintiff without granting him his due process or granting him equal protection because Plaintiff is an educated Black Male Attorney-Teacher in Palm Beach County, Florida.

51. On or about May 21, 2016, the Defendants mailed the Plaintiff another letter claiming that he had been instructed pursuant to the suspension to not speak to any child that attended any Palm Beach County School District school, which was untrue.

52. Additionally, the Plaintiff was informed that the day of the suspension was the day he ceased to be the "teacher of record" denying the Plaintiff due process, equal protection, his property interest in the employment he occupied, and his ability to continue his Florida Teacher's certification, insurance, and retirement benefits.

53. On or about May 24, 2016, the Plaintiff was officially terminated by the Defendants Diane Weinbaum and David Christiansen, specifically citing that the Plaintiff was not following the directives of the suspension, upon which the Plaintiff was denied his requested hearing under the mutual contract, and citing Florida Statutes that allow for the termination of "any probationary employee with or without cause," therefore, denying the Plaintiff his due process and equal protection because of his race, ethnicity, and status as a first year teacher.

54. On or about May 26, 2016, Defendant Elvis Epps called approximately five (5) of the Plaintiff's law students out of class and into an enclosed room and forced them to unlock their private mobile phones to get what Defendants believed was evidence against the Plaintiff; scaring all of the 14 year old students.

55. None of the students were accused of possessing a gun, drugs, nor were any of the students' parents called and asked for their permission to unlock the private property of the students and parents.

56. The reason for illegally seizing the students was because many of the students at Palm Beach Lakes Community High School wanted to protest the suspension of their Law teacher and approximately twenty-nine (29) other teachers, who were also being retaliated against by Defendants McKeever and Coleman for filing grievances against them.

57. On or about November 2015 in a school staff meeting addressing the many teachers who had filed grievances against her, Defendant McKeever vowed to retaliate in the form of "Karma" to anyone who was disloyal: "You're either with me or against me."

58. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his constitutional rights under the First Amendments to the United States Constitution to freedom of speech, expression, and privacy;

    b. Violation of his constitutional rights under the Fifth Amendments to the United States Constitution to property and due process (substantive and procedural);

    c. Violation of his constitutional rights under the Fourteenth Amendment to the United States Constitution to equal protection as a member of a racial minority and a member of a protected class;

    d. Violation of his Constitutional Rights under Title VII of the Civil Rights Act of 1964 to be free from discrimination based upon race and retaliation.

59. The actions of Defendants violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Freedom of Speech.

    b. Right to Due Process

    c. Right to not be deprived of property without due process

    d. Right to Equal Protection

    e. Freedom from Discrimination

    f. Freedom from Retaliation

60. At all relevant times, Defendants Avossa and the Board were acting under color of law and under color of authority as the Palm Beach County School Board Superintendent and the

Palm Beach County School District (Board), employees, and agents or servants of Palm Beach County, Florida and as an Agency of the State of Florida.

## COUNT I

***42 U.S.C. §1983 and 1988***
***Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

61. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

62. Plaintiff claims damages under 42 U.S.C. § 1983 and 1988 for the injuries set forth above against Defendants for violation of his constitutional rights under color of law.

## COUNT II

***42 U.S.C. §1983***
***Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

63. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

64. Prior to March 16, 2016. the District developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons who were teachers within the Palm Beach County School District, which caused the violation of Plaintiff's rights.

65. It was the policy and/or custom of the District, including the Defendants, to refuse to address disparities within the Palm Beach County School District which negatively affect children and teachers of color.

66. It was the policy and/or custom of the District, including the Defendants, to deliberately silence teachers and students of color who speak out against racial disparities within the Palm Beach County School District.

67. It was the policy and/or custom of the District, including the Defendants, to non-renew, suspend, transfer, and retaliate against teachers and students who attempt to speak out against racial disparities within the Palm Beach County School District.

68. As a result of the above described policies and customs, administrators of the District, including the Defendants, believed that their actions would not be properly monitored by supervisory administrators and the District and that the misconduct would not be investigated or sanctioned, but would be tolerated.

69. The above described policies and customs demonstrate a deliberate indifference on the part of the District to the constitutional rights of persons within the District, and were the cause of the violations Plaintiff's rights alleged herein.

**COUNT III**
***42 U.S.C. §1983***
***Violation of First Amendment Speech Rights***
***Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

70. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

71. Plaintiff claims damages under 42 U.S.C. § 1983 and 1988 for the injuries set forth above against Defendants for violation of his constitutional rights under color of law.

72. The treatment that Plaintiff received and his discharge was carried out by Defendants in retaliation for the exercise of his civil rights secured by the First Amendment of the United States Constitution.

73. Defendants violated Plaintiff's rights by retaliating and terminating his employment because of his speech and actions regarding the racial disparities within the Palm Beach County School District. Defendants' actions injured Plaintiff in a way very likely to chill a person of ordinary firmness from further participation in that speech activity. Plaintiff's constitutionally protected speech motivated Defendants adverse actions. Consequently, Defendants acted with a retaliatory intent or motive.

74. The Defendants' policies, practices, customs and/or procedures as set forth in this Complaint were the moving force behind the violation of Plaintiff's right to freedom of

speech, and these policies, practices, customs, and/or procedures have had a chilling effect on the rights of teachers, including Plaintiff, in violation of the First Amendment.

75. The District's failure to adequately train and supervise its employees as set forth in this Complaint was a moving force behind the violation of Plaintiff's right to freedom of speech, and this failure to adequately train and supervise has had a chilling effect on the free speech rights of teachers, including Plaintiff, in violation of the First Amendment.

76. Plaintiff's First Amendment speech was of a private citizen on a matter of public concern.

77. Plaintiff's free speech right to speak out against disparities within the Palm Beach County School District outweigh any interest of the Defendants in suppressing that speech.

78. Plaintiff's speech satisfies the *Pickering Test* (analysis).

79. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiff has suffered irreparable harm, severe, and substantial damages, including the loss of his fundamental constitutional rights.

**COUNT IV**
***42 U.S.C. §1983***
***Equal Protection of the Law - Fourteenth Amendment***
***Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

80. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

81. By reason of the aforementioned training, supervision, acts, policies, practices, customs, and/or procedures committed, created, adopted, and enforced under color of law, Defendants have deprived Plaintiff of the equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

82. Plaintiff if a member of a suspect class and was unlawfully discriminated against because of his race.

83. Plaintiff was similarly situated in all relevant aspects to other teachers in the District.

84. Nevertheless, Defendants retaliated and terminated Plaintiff, in violation of the Equal Protection Clause of the Fourteenth Amendment.

85. Defendants retaliation, termination, and restriction on Plaintiff's speech and actions constituted an unlawful restraint on Plaintiff's speech.

86. Defendants' policies pertaining to free speech were selectively enforced against Plaintiff on account of his speech and actions regarding the disparities within the Palm Beach County School District, in violation of the Equal Protection Clause of the Fourteenth Amendment.

87. Defendants' policies pertaining to free speech as applied against Plaintiff's speech and actions, violate the Equal Protection Clause of the Fourteenth Amendment.

88. By favoring those not of a suspect class and those who do not speak out against racial disparities within the Palm Beach School District, Defendants deprived Plaintiff of the equal protection of the Fourteenth Amendment.

89. The Defendants' training, supervision, policies, practices, customs, and/or procedures that were the moving force behind the violation of Plaintiff's fundamental constitutional rights deprived plaintiff of the equal protection guarantee of the Fourteenth Amendment.

90. As a direct and proximate result of Defendants' violation of the equal Protection Clause, Plaintiff has suffered irreparable harm, severe, and substantial damages, including the loss of his fundamental constitutional rights.

## COUNT V

***42 U.S.C. §1985 and 1986***

***Conspiracy and Failure to Prevent Conspiracy to Protect Federally Protected Rights Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

91. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

92. From March 16, 2016 forward, the Defendants, acting in concert with one and other and with the purpose of intentionally depriving the Plaintiff of his federally protected constitutional rights, conspired, implemented, and acted upon a conspiracy to deprive the Plaintiff of his constitutional rights and to discriminate against him in violation of 42 U.S.C. §1985 and §1986.

93. This conspiracy to deprive the Plaintiff of his Constitutional Rights was part of an active policy and/or custom of the District, including the Defendants, to silence minority employees and students, and discourage the exercise of constitutional rights by other minority employees and students, and ultimately terminate first year teachers of color using Florida Statutes §1012.335 without any negative impact on the Defendants.

94. It was the policy and/or custom of the District, including the Defendants, to collaborate and conspire to do anything they could to remove the Plaintiff from his classroom, where he had access to teaching minority students about how the Law impacted their lives, including suspending him without due process, constructive termination, non-renewal after receipt of whistle-blower letter/disclosures, defaming, and making conclusions of an on-going but sham investigation on television because Plaintiff spoke out against racial disparities within the Palm Beach County School District.

95. As a result of the above described policies and customs, administrators of the District, including the Defendants, failed to properly monitor its superintendents, investigatory agents, principals, and others from conspiring to deprive the Plaintiff of his constitutional rights in violation of 42. U.S.C. §1986.

96. The above described actions and practices demonstrate a deliberate conspiracy on the part of the District and all Defendants to deprive the constitutional rights of the Plaintiff and were the cause of the violations of Plaintiff's rights alleged herein.

**COUNT VI**
***RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964***
***Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

97. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

98. At all relevant times, Plaintiff was an employee and Defendants were his employer within the meanings set forth in the Title VII of the Civil Rights Act of 1964, as amended, 42 USC '2000e, et seq.

99. Plaintiff is a member of a protected class; he is a Black Male.

100. At all times, Plaintiff performed his job duties in a manner that was satisfactory or better.

101. Defendants' treatment of Plaintiff, as described above, was based, at least in part, on the unlawful consideration of his race.

102. Defendants and its agents and representatives were predisposed to discriminate on the basis of race and acted in accordance to the District's predisposition, history, culture, and tradition.

103. Defendants and its agents and representatives treated similarly situated non-black employees more favorably than Plaintiff, in the terms, conditions and/or benefits of employment.

104. Defendants created a hostile environment towards Black employees.

105. The actions of Defendants were willful, intentional, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

106. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits and pension benefits; mental anguish, emotional distress; humiliation and embarrassment; loss of professional reputation, and threats to personal physical safety.

**COUNT VII**
***RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964***
***Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

107. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

108. At all relevant times, Plaintiff was an employee and Defendants were his employer within the meanings set forth in the Title VII of the Civil Rights Act of 1964, as amended, 42 USC ‘2000e, et seq.

109. Defendants have engaged in unlawful retaliatory practices in violation of Title VII, U.S.C. § 20003-3(3)a by suspending and terminating the employment of Plaintiff because he opposed and voiced discriminatory practices to the Defendants.

110. The effect of the events described above has been to deprive Plaintiff of equal employment opportunities in retaliation for exercising his federally protected rights.

111. The unlawful employment practices described above were intentional and coordinated.

112. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

113. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits and pension benefits; mental anguish, emotional distress; humiliation and embarrassment; loss of professional reputation, and threats to personal safety.

**COUNT VIII**
***42 U.S.C. §1985 and 1986***
***Violation of Procedural Due Process in Violation of Fourteenth Amendment***
***Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen***

114. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

115. Defendants violated the constitutional due process rights of Plaintiff through their policies, procedures, and practices with respect to suspensions and terminations of teachers in the Palm Beach County School District.

116. Defendants must provide notice, hearings, and/or safeguards for Plaintiff and other teachers who are in their current job/position, but instead take arbitrary and abusive action against Plaintiff and other teachers by denying notice or hearings.

117. The policies, practices, and procedures employed by Defendants to suspend or terminate Plaintiff and other teachers of their current job/positions are used arbitrarily and in retaliation.

118. Defendant did not provide Plaintiff with sufficient notice prior to constructive termination or suspension and refused Plaintiff a hearing.

119. The actions and/or omissions of Defendants constitute a pattern or practice of violations of the Fourteenth Amendment of the United States Constitution.

120. Furthermore, Defendants' actions and/or omissions, caused grievous, irreparable, and lasting harm to Plaintiff, and Plaintiff will continue to suffer irreparable harm in the absence of relief.

## COUNT IX
### *42 U.S.C. §1985 and 1986*
### *Violation of Substantive Due Process in Violation of Fourteenth Amendment Against Defendants Avossa ,District (Board), McKeever, Coleman, Weinbaum, Lee, Epps, Davis, Christiansen*

121.Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

122.Defendants violate the substantive due process rights of Plaintiff through their policies, procedures, and practices with respect to discretionary, arbitrary, and retaliatory use or non-use of notice and hearings for alleged discipline of Plaintiff.

123. Defendants' pattern and practice of suspending and terminating Plaintiff for alleged disciplinary infractions without procedural safeguards, deprived Plaintiff of his liberty interest by government action that is arbitrary and retaliatory.

124. Defendants did not provide Plaintiff with sufficient notice of suspension or termination or a hearing, which was requested by Plaintiff.

125. The actions and/or omissions of Defendants constitute a pattern or practice of violations of the guarantee of substantive due process of the Fourteenth Amendment to the United States Constitution.

126. Defendants' actions and/or omissions, caused grievous, irreparable, and lasting harm to Plaintiff, and Plaintiff will continue to suffer irreparable harm in the absence of relief.

## COUNT X
## *RESPONDEAT SUPERIOR OF THE DISTRICT*

127. Plaintiff re-alleges and incorporates by reference ¶¶ 1–60.

128. Defendant District is liable for the unlawful and unconstitutional actions and damages against Plaintiff by Defendants Robert Avossa, Cheryl McKeever, Camille Coleman, Darron Davis, Elvis Epps, Dianne Weinbaum, David Christiansen, and Joseph Lee. The District employed Robert Avossa, Cheryl McKeever, Camille Coleman, Darron Davis, Elvis Epps, Dianne Weinbaum, David Christiansen, and Joseph Lee, who committed unlawful and unconstitutional actions and caused damages while acting in the scope of their employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an Order declaring Defendants' conduct unconstitutional;

C. A judgment for lost wages and benefits, past and future, in whatever amount Plaintiff is found to be entitled;

D. Award Plaintiff compensatory and punitive damages against Defendants;

E. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to all applicable provisions of law;

F. Enter a permanent injunction, upon proper motion, requiring Defendants to adopt appropriate policies related to the hiring and supervision of employees and administration regarding the treatment of racial minority students, teachers, employees;

G. Enter a permanent injunction enjoining Defendants from engaging in any employment practices which retaliates against employees who complain about any discrimination;

H. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all counts so triable.

Submitted on 20th day of September, 2016

Respectfully Submitted,

by: s/ Malik Leigh, Esq.

*WATSON LEIGH*
*LAW AND EDUCATION*
*SERVICES GROUP, INC.*
*Attorneys for Plaintiff*
*P.O. Box 221172*
*West Palm Beach, FL 33422*
*Tel: (888) 399-0678*
*Fax: (888) 371-1475*
*Service: service@WatsonLeigh.com*
*By:/s/ Danielle Watson*
*Danielle R. Watson, Esquire*
*Email: Danielle@WatsonLeigh.com*
*Florida Bar No: 93155*
*By: /s/ Malik Leigh*
*Malik Leigh, Esquire*
*Email: Malik@WatsonLeigh.com*
*Florida Bar No: 89820*