UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

MALIK LEIGH, ESQ.,

                                                     CASE NO. 9:16-CV-81612-MARRA

        Plaintiff,

v.

ROBERT AVOSSA, CHERYL MCKEEVER,
CAMILLE COLEMAN, DIANNE WEINBAUM,
ELVIS EPPS, DAVID CHRISTIANSEN,
DARRON DAVIS, JOSEPH LEE (in their
Individual and official capacities, PALM BEACH
COUNTY SCHOOL DISTRICT (BOARD),

        Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER
OR AMEND JUDGMENT UNDER RULE 59(E) AND MEMORANDUM OF LAW**

      Defendants, ROBERT AVOSSA, CHERYL MCKEEVER, CAMILLE COLEMAN, DIANNA WEINBAUM, ELVIS EPPS, DAVID CHRISTIANSEN, DARRON DAVIS, JOSEPH LEE, and PALM BEACH COUNTY SCHOOL DISTRICT (BOARD) (collectively, "the Defendants"), hereby file this Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment Under Rule 59(e) and state as follows:

    **A. PRELIMINARY STATEMENT**

      While Plaintiff, an attorney representing himself in this case, may now want to express regret or remorse for his abhorrent conduct during the discovery process (or perhaps regret because his behavior was found out), what has not changed, is the very real fear and disruption to Defendants' normal business operations Plaintiff's reckless and/or deliberately indifferent social

media postings have caused.[1] What also has not changed is that Plaintiff continues to imply that Defendants are somehow at fault and/or are the cause of his actions or that Defendants are overly sensitive and should have known Plaintiff's "real" intent when he posted about going on a "shooting campaign" after a round of depositions with Defendants.

Plaintiff now seeks to alter or amend the Court's order awarding Defendants fees and costs for his harassing behavior. Plaintiff, however, has failed to offer any new information or argument because he can't. There is no rational explanation for his conduct. No one should have to endure the barrage of threats and taunts like those experienced by Defendants, their counsel, and witnesses in this case especially not by a member of the legal profession. This Court should flatly reject and deny Plaintiff's motion and award Defendants their reasonable fees and costs as set forth in Defendants' Motion for Fees and Costs.

### B. ARGUMENT

**1. Plaintiff is attempting to rehash arguments previously rejected by the Court and raise issues he either could or should have raised previously.**

As correctly noted by Plaintiff in his motion, a court may grant a motion to alter or amend judgment if the moving party presents newly discovered evidence that was not available earlier or if the movant points to evidence in the record that clearly establishes manifest error of law or fact. *Matter of Prince,* 85 F.3d 314 (7th Cir.1996). A motion to alter or amend must rely on an intervening change in the controlling law; availability of new evidence not available previously; or the need to prevent clear error of law or prevent manifest injustice. *Wendy's Int'l, Inc. v. Nu-*

---

[1] Since the Court's rulings allowing increased security at depositions and mediations, Defendants have increased security measures at Defendants' main office building, including, full-time school police patrol outside of the undersigned's Legal Department and Superintendent's suite because Defendants do not (and did not) view Plaintiff's "shooting" and other disturbing social media postings as simply competitive "trash talk" (not that trash talk is ever appropriate either) as Plaintiff contends in his Motion.

*Cape Constr., Inc.,* 169 F.R.D. 680, 684 (M.D.Fla.1996) (Kovachevich, C.J.) (quoting *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla.1993)).  However, it cannot be considered a vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling. In addition, it is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision. *Id.* at 686.

Plaintiff continues to insist through argument to the Court that School Board member, Marcia Andrews', testimony is relevant to his case when it is not.  Plaintiff has even gone so far as to include in his motion a recent Board meeting clip of Andrews discussing non-reappointments of teachers generally, but tries to mislead the Court into believing that Andrews was speaking specifically about Plaintiff or one of the plaintiffs in the cases he is handling as an attorney. Andrews' comments in the newly added Board meeting clip makes no reference to any of the plaintiffs involved in the cases being handled by Plaintiff as attorney or Plaintiff himself and it is disingenuous of Plaintiff to suggest or imply that they do.  While Plaintiff's Board meeting clip maybe new, Plaintiff and the plaintiffs in the companion cases remain unfamiliar to Andrews. Plaintiff's arguments on this point, too, remain stale and should not be revisited.

All other arguments relating to the deposition of Andrews have already been painstakingly addressed and litigated by Defendants.  Defendants will rely on their previous arguments to the Court as to Andrews' relevancy (or lack thereof) and the supporting documentation thereto as Defendants do not intend to re-litigate them again here.  Thus, with the exception of the June 21, 2017 Board meeting clip mentioned above, Plaintiff had an opportunity to raise all of the arguments he has raised in the instant motion and the Court has had an opportunity to consider all those arguments.  It is improper and unnecessary to undergo such an exercise again.

   **2. Defendants believe their efforts to secure a county facility for depositions and mediations were disrupted by Plaintiff's actions**

Following the Court's order granting Defendants' motion to hold depositions and other case proceedings in a secured location, the undersigned and her support staff began contacting various county facilities about using their facilities. The County Government Center offices had initially opened its facilities to Defendants but declined to offer its facilities a second time in part because of its own concerns about containment. Exhibit A, Email from County. The undersigned was subsequently successful confirming the State Attorney's office to house some of the depositions and the County Courthouse mediation facilities to house the remainder. Exhibit B, Emails to Leigh and Walter N. Colbath at Mediation Services. We submitted correspondence to Plaintiff advising of the various rooms, locations, and dates that we were able to confirm at both facilities. Id.

Defendants later learned, however, that Plaintiff began showing up at the State Attorney's office and County Courthouse demanding to know whether or not Defendants had in fact confirmed a room at those locations. Plaintiff even copied the undersigned on an email he sent to the State Attorney's office asking them to confirm that no rooms were available. Exhibit C, Emails to and from Cruz. The representative from the State Attorney's office was clearly bothered about being dragged into a situation by Plaintiff. Id. It was no surprise to Defendants that when the undersigned reached out to the State Attorney's office to apologize about the emails from Plaintiff that the undersigned was informed that the person who had confirmed the rooms for Defendants should not have done so and that there were no longer any rooms available to Defendants.

To this day, it is still unclear to Defendants as to why Plaintiff was contacting the various county facilities to harass them about room locations being confirmed by Defendants if not for any other purpose than to ensure that those entities would refuse to open their doors to either party for depositions. Nonetheless, with depositions still quickly approaching, Defendants were left with

4

no choice but to use the only facility available to them having metal detectors (Boca Community High School) and no choice but to use their own sworn police officers who are normally off during the summer months or working reduced schedules due to the closing of schools and/or reduced staffing at schools. If Plaintiff has any issue or objection to the use of Defendants' facilities[2] and sworn officers, or objection to the costs associated thereto, he has no one to blame but himself because Defendants made every effort they had available to them to not have to use their facilities.

### 3. Plaintiff's claim that there was no discussion between the parties prior to the filing of protective orders is also disingenuous and should not be credited by the Court

Defendants provided the Court a copy of the transcript of the halted depositions whereupon the undersigned certified the basis for cancelling the depositions due to Plaintiff's social media post. D.E. 50-6. The undersigned stated very clearly on the record that the depositions could not go forward without the Court's involvement to ensure Defendants' protection and safety. Plaintiff's claim that there was no discussion between the parties prior to the filing of protective orders is disingenuous because the record suggests otherwise and Plaintiff made no attempt to resolve the issues or concerns raised by the undersigned at the deposition about safety. Id. Plaintiff instead accused Defendants of overreacting and made comments about Defendants "making up" and excuse to cancel the depositions. Id. Plaintiff was on sufficient notice of Defendants' intent to involve the Court in the matter and both parties almost immediately returned to their law offices to file motions and cross motions relating to the halted depositions.

Plaintiff seems to have raised the issue of Defendants' counsel not conferring with him prior to filing protective orders presumably to suggest that Defendants have caused him to lash out

---

[2] Plaintiff complained in his motion that the Boca Community High School was a "considerable distance."

5

in the fashion that he did and behave in the most unprofessional and offensive manner the undersigned has seen in her career.  But Plaintiff did not stop at presenting faux complaints to the Court about Defendants not conferring with him prior to the filing of the protective orders. Plaintiff additionally attached as an exhibit to his motion a copy of Defendants *Confidential* mediation statement.  DE 61-3/DE 57-3.  Plaintiff claims that Defendants' mediation statement offers proof that Defendants were not participating in the mediation in good faith, but the statement actually reveals the opposite.  The bigger issue, however, is Plaintiff's continued lack of professionalism and total disregard of the rules relating to confidentiality during the mediation process.

Plaintiff's attachment of Defendants' mediation statement is a complete violation of Rule 16.2(g) and Defendants have not waived nor intend to waive the confidentiality afforded to them under the Rule.  As noted briefly in Plaintiff's reply in support of his motion for fees and costs, Defendants are baffled that Plaintiff would not at the very least attempt to file the mediation statement under seal so not to break the confidential shield afforded to all parties under the Rule. Plaintiff wants the Court to believe that he has learned a valuable lesson from the Court's orders regarding his misconduct, but his continued unprofessionalism says otherwise.

### C. CONCLUSION

WHEREFORE, for the reasons stated herein, Defendants respectfully request that Plaintiff's Motion to Alter or Amend the Judgment be denied in its entirety.  Plaintiff's effort to rehash arguments previously raised or arguments that could have been raised but were not, or his effort to blame Defendants for his current circumstances are insufficient to change the prior rulings by this Court.  Accordingly, Plaintiff's motion should be denied and Defendants' motion for fees and costs should be granted in its entirety.

Date:  July 24, 2017    Respectfully submitted,

                                            THE SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA
JulieAnn Rico, Esq.
General Counsel
3320 Forest Hill Blvd, C-331
West Palm Beach, FL  33416-9239
Telephone:  561-434-8750
Facsimile:  561-434-8105
Shawntoyia.bernard@palmbeachschools.org
ana.jordan@palmbeachschools.org
tish.pickens@palmbeachschools.org

By:   */s/* Shawntoyia N. Bernard
     Shawntoyia N. Bernard
     Florida Bar. No. 0651664

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2017, I electronically filed the foregoing document was filed via CM/ECF and served by e-mail on all counsel or parties of record on the Service List below.

                                            */s/ Shawntoyia N. Bernard*
                                            Shawntoyia N. Bernard
                                            Florida Bar. No. 0651664

## SERVICE LIST

Malik Leigh, Esquire
Danielle R. Watson, Esquire
WATSON LEIGH, Law and Educational Services Group, Inc.
P.O. Box 221172
West Palm Beach, FL 33422
Malik@watsonleigh.com
Danielle@watsonleigh,com
Service@watsonleigh.com

7