UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 16-81612-CIV-Marra/Matthewman

MALIK LEIGH, ESQ.,

    Plaintiff,

vs.

ROBERT AVOSSA, et al.,

    Defendants.

_____/



FILED by ____ D.C.

NOV 0 6 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER AWARDING ATTORNEY'S FEES TO THE DEFENDANTS AND AGAINST MR. MALIK LEIGH, ESQ., AND DANIELLE RENEE WATSON, ESQ.

THIS CAUSE is before the Court upon the Defendants, Robert Avossa, Cheryl McKeever, Camille Coleman, Dianna Weinbaum, Elvis Epps, David Christiansen, Darron Davis, Joseph Lee, and Palm Beach County School District (Board)'s ("Defendants") Motion for Attorneys' Fees to Determine the Amount of Fees to Be Awarded ("Motion") [DE 88]. Counsel for Plaintiff, Malik Leigh, Esq., and Danielle Renee Watson, Esq., have failed to file a timely response to the Motion. The Court has carefully reviewed the Motion and the Court's prior Orders, as well the entire docket in this case.

## BACKGROUND

On October 13, 2017, the undersigned entered an Order Granting in Part and Denying in Part Defendants' Motion for Sanctions and to Strike. [DE 87]. In that Order, the Court granted Defendants' request for an award of attorney's fees against both of Plaintiff, Malik Leigh's counsel, Mr. Leigh and Ms. Watson, for the time incurred by Defendants in having to research

1

and draft Defendants' motion for sanctions and to strike, review and research Plaintiff's response thereto, and draft and research Defendants' reply. *Id.* at p. 10. The Court directed counsel for Defendants to file, within seven (7) days of the date of the Order, a memorandum that addressed the hourly rate of counsel, the time expended, the amount of reasonable attorney's fees and costs that Defendants incurred in researching and drafting Defendants' motion for sanctions and to strike, reviewing and researching Plaintiff's response, and drafting and researching Defendants' reply, as well as any costs incurred. *Id.* The Court also directed Plaintiff to file a memorandum responding and/or objecting to the amount of attorney's fees and costs sought by the Defendants, including the hourly rate of counsel and time claimed to have been expended by the Defendants' counsel. *Id.* at pp. 10-11. The deadline for the response memorandum was seven days after Defendants' filed their memorandum. *Id.* Finally, the Court provided the Defendants with an opportunity to file a reply. *Id.* at p. 11.

Defendants filed their Motion on October 20, 2017. They contend that their counsel spent 7.29 hours at a $250 per hour rate preparing the motion for sanctions and to strike. [DE 88, pp. 2-3]. However, Defendants are only seeking $1,184.70 because Defendants' counsel has voluntarily reduced the attorney's fees calculation by 35% after applying her reasonable billing judgment. *Id.* at p. 2. Attached to the Motion are Defendants' counsel's billing entries [DE 88-1] and the Affidavit of Lisa M. Kohring, Esq. [DE 88-2].

## **LEGAL STANDARD**

### A. **Attorney's Fees**

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886,

2

888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)).

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

### 1. Reasonable Hourly Rate

In seeking reimbursement for its attorney's fees, Defendants rely on the Affidavit of Lisa M. Kohring, Esq., supporting her claimed hourly rate. According to the affidavit, Ms. Kohring bills at the rate of $250 per hour. [DE 88-2]. She has been practicing law since 2011 and specializes in employment law. *Id.*

Based upon the Court's own experience in assessing the reasonableness of attorney's fees, and having reviewed the affidavit submitted in this case, this Court finds that Ms. Kohring's hourly rate is reasonable in comparison to the prevailing market rate in the relevant legal

3

community. The Court also notes that the Plaintiff has not objected to the hourly rate of defense counsel.

### 2. Number of Hours Reasonably Expended

Next the Court must determine whether the hours billed were reasonable. Defendants' counsel spent 7.29 hours total on researching and drafting the motion for sanctions and to strike, but Defendants are only seeking an attorney's fee award for 4.73 hours after voluntarily reducing counsel's hours by 35%.

The Court has carefully reviewed the time entries. Defendants' counsel billed 2.1 hours on researching the case law and the relevant Local Rule before drafting the motion for sanctions and to strike. [DE 88-2]. Defendants' counsel then billed 2.99 hours drafting the motion. *Id.* Finally, Defendants' counsel billed 0.3 on reviewing Plaintiff's response to the motion and 1.9 hours drafting a reply. *Id.* While the hours billed seem slightly excessive, the Court's finds that Defendants' counsel's 35% reduction of the time billed makes the requested attorney's fees award reasonable. The Court also notes that the Plaintiff has not objected to the hours claimed by defense counsel. Therefore, the total fee award is $1,184.70.

### CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Attorneys' Fees to Determine the Amount of Fees to Be Awarded [DE 88] is **GRANTED**.

2. Mr. Leigh and Ms. Watson shall reimburse the Defendants for their attorney's fees in the amount of $1,184.70.

3. Mr. Leigh and Ms. Watson are ordered to make such payment to the Office of General Counsel for the School Board of Palm Beach County on or before **December 15, 2017**.

**DONE AND ORDERED** in Chambers this 6th day of November, 2017 at West Palm Beach, Palm Beach County, in the Southern District of Florida.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE